IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL NO. 1:04cr48WJG-JMR-2
                                                   CIVIL ACTION NO. 1:06cv185WJG

RHONDA HOLMES

O R D E R

THIS CAUSE comes before the Court on Defendant Rhonda Holmes' motion to vacate and set aside or correct her previously imposed sentence [99-1] pursuant to 28 U.S.C. § 2255. Holmes' petition, filed March 9, 2006, advances other assertions, her allegation that her sentence was unconstitutionally applied because her attorney allegedly failed to disclose new case law that was favorable to her case. (Ct. R., Doc. 99, p. 5.) She contends that her plea was based on a base level of 6 and that she was given additional time based on judge found facts. (*Id*.) She claims her attorney told her that if she went to trial she would be facing more time, which constitutes a coerced confession. (*Id*.)

Holmes was indicted in a 28-count indictment on May 4, 2004, along with four other defendants. (Ct. R., Doc. 2.) The indictment charged the defendants with participation or agreement to participate in a scheme to obtain payment of false claims for refunds from the Internal Revenue Service [IRS] by filing false federal income tax returns claiming refunds to which the taxpayers were not entitled. (*Id*., p. 1.) Holmes was charged with aiding the conspiracy by using her access to identifying information of customers of her bonding company,

Rhonda Holmes Bonding Company, to obtain Social Security numbers for use in preparing false federal income tax returns. (*Id*., p. 2.) Roderick Smith used information obtained from Holmes to prepare false federal income tax returns which Smith allegedly filed electronically with the IRS using his AmericaOnLine, Inc. [AOL] internet access account to transmit the return information through H & R Block, a commercial tax return preparation service authorized by the IRS to file electronic returns. (*Id*.)

It is further alleged in the indictment that Smith, Holmes, Nicolette Stubbs and Tommy Young used credit cards to pay H & R Block's electronic filing fees for the false federal income tax returns as part of the scheme. (*Id*.) In addition, it is alleged that a further part of the conspiracy was that defendants Holmes, Johnny Ray Holmes, Jr., Stubbs and Young used their bank accounts to receive refunds issued for the false tax returns and to receive loan advances in anticipation of the refunds all in violation of 18 U.S.C. § 286. (*Id*.) Holmes was named in connection with four specific tax returns in Counts 12, 13, 16 and 17 of the indictment. (*Id*., p. 4.)

Holmes pleaded guilty to Count 1 of the Indictment on February 7, 2005, pursuant to Memorandum of Understanding [MOU] signed the same date. (Ct. R., Docs. 89, 90; Minute Entries of 2/7/2005.) Her sentencing was held May 11, 2005. (Ct. R., Docs. 95, 111.) At sentencing, Holmes was found to be an organizing leader of the conspiracy. (Ct. R., Doc. 111, p. 10.)

Count 1 of the Indictment carried an imprisonment range of 24 months to not more than 5 years and/or a $250,000 fine; Holmes was sentenced to 24 months imprisonment. (Ct. R., Doc. 95, p. 2; Doc. 111, p. 18.) All other counts of the indictment were dismissed at sentencing. (Ct.

R., Doc. 95, p. 1.)  Holmes contends that her sentence was illegally enhanced under *United States v. Apprendi*[1]. (Ct. R., Doc. 99, p. 4.)

I.      Voluntary Plea

Federal courts must uphold a guilty plea challenged in a *habeas* petition if the plea was knowing, voluntary and intelligent. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000), *cert. denied* 532 U.S. 1067 (2001); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama,* 395 U.S. 238, 242-3, (1969); *Joseph v. Butler,* 838 F.2d 786, 789 (5th Cir. 1988). The Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright,* 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States,* 397 U.S. 742, (1970). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson,* 201 F.3d 353, 368 n.22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh,* 838 F.2d 792, 793 (5th Cir. 1988). In determining if an appeal of sentence is barred by a waiver of appeal provision in a plea agreement, the Court must investigate whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized

---

[1] *Apprendi v. New Jersey*, 430 U.S. 466 (2000).

requirement of due process." *Bousley v. United States,* 523 U.S. 614, 618 (1998). In determining whether a plea is voluntary and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against her, and not necessarily whether she understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin,* 395 U.S. at 244). The consequences of a guilty plea means only that the defendant knows the direct consequences of her plea, which includes "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell,* 292 F.3d 414, 416 (5th Cir. 2002).

  In this case, Holmes stated on the record during her plea hearing that she was satisfied with the representation of her attorney, and had no complaints regarding her attorney's representation of her to date, and that an adequate amount of time was spent with her prior to the plea hearing. She also stated that she understood the charges against her and the maximum penalty that the Court could impose. She further stated on the record that she was not threatened, forced, or in any other way coerced to enter a plea of guilty, and that she freely and voluntarily sought to enter the plea. The Court reviewed with her on the record the contents of the MOU entered between Holmes and the United States which memorialized the plea agreement. Holmes and her attorney agreed that the MOU contained the entire agreement between Holmes and the United States, and that no one made any promises or side agreements that were not contained in the MOU to affect her plea.

  Finally, after the charges and the factual basis for those charges were summarized, Holmes stated she agreed with the summary and was in fact guilty of the charges. Had she wavered or answered negatively to any of the questions of the Court, or had the Court not been

convinced that her plea of guilty was made freely of her own will and not under duress, the Court would not have accepted her plea of guilty.

"[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands h[er] plea agreement, and that [s]he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which [s]he agreed, regardless of whether the court specifically admonished h[er]concerning the waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005.) The plea colloquy establishes to the Court that Holmes' plea was knowing and voluntary. *United States v. Salado*, 339 F.3d 285, 293 (5th Cir. 2003). The Court finds no grounds to grant *habeas* relief based on any claim that may arise that Holmes' plea was not knowingly or voluntarily entered, or that she did not fully understand the consequences or parameters of the MOU, including the sentence. *Blackledge v. Allison,* 431 U.S. 63, 73 (1977).

II.     Ineffective Assistance of Counsel

Holmes' *habeas* petition is liberally construed to contend that her attorney, Felicia Burkes, provided ineffective assistance of counsel, because Burkes allegedly did not explain a new law that was favorable to her case. (Ct. R., Doc.99, p. 5.) Her claim of ineffective assistance of counsel can be proven by showing: (1) that Burke's performance was deficient, and (2) the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). In circumstances involving a defendant's guilty plea, the prejudice requirement under *Strickland* "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Holmes "must show that there is a

reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Holmes claims that Burkes failed to explain the consequences of new law which would have resulted in a lower sentence in this case. (Ct. R., Doc. 99, p. 4.) Holmes asserts that because Burkes allegedly misled or misinformed her about this law she did not make an informed decision to plea, and she was given additional time on judge found facts. (*Id*.)

Holmes was specifically questioned at her February 7, 2005, plea hearing, concerning the maximum possible sentence and penalty associated with the charges outlined in Count 1 of the indictment. (Ct. R.) Holmes answered affirmatively that she understood the charges. (*Id*.) She was also questioned about the MOU, and Holmes stated that she had read the MOU, discussed its provisions with her attorney, signed it, and that it correctly contained the entire agreement reached between herself and the United States in this case. (*Id*.) She acknowledged she understood that the Court could impose any sentence in the case despite the United State's recommendations, and that she was waiving her right to appeal or contest the sentence in any post-conviction setting. (*Id*.)

The MOU provided that she could receive a maximum sentence of five years, a maximum fine of $250,000, that her sentence would be imposed in accord with the Sentencing Guidelines, that the Court could sentence Holmes to the statutory maximum, that Holmes was not relying on anyone's calculation of a particular guideline range for the relevant offense and she understood that she may be sentenced to the maximum penalties the sentence to be imposed at the court's discretion. (Ct. R., Doc. 90, pp. 2- 3.)

In cases involving a guilty plea in which the defendant claims ineffective assistance of counsel, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill,* 474 U.S. at 59.  In other words, Holmes "must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial."  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919.  Unfortunately for Holmes, the record establishes anything but this standard.  The Court finds no merit to Holmes' attempt to attack Burke's professional competence and further finds no reason to conclude that "but for" Burke's performance and advice Holmes was convicted of a crime for which she had no involvement.

The Court concludes that Holmes fails to meet the first prong of *Strickland* in this claim, and has not shown that Burke's performance was deficient.  In light of these findings, the Court fails to find any evidence in the record supporting Holmes' contentions regarding Burke's performance.  *See Coleman v. Thompson*, 501 U.S. 722 (1991); *United States v. Harris*, 408 F.3d 186, 189 (5th Cir. 2005), *cert. denied* ___ U.S. ___, 126 S.Ct. 297.  Furthermore, Holmes failed to make the requisite showing that her defense was prejudiced by Burke's actions.  *Strickland*, 466 U.S. at 694.

In determining whether a counsel's performance was deficient, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  The Court has reviewed Holmes' contentions and concludes that there was nothing deficient in Burke's performance regarding the sentence.

III.     *Apprendi* Argument

Holmes asserts her rights under the Fifth and Sixth Amendment were violated and argues that she should not have been sentenced by the use of judge found facts. (Ct. R., Doc. 99, p. 4.) Again, unfortunately for Holmes, *Apprendi, Booker* and *Blakely*[2] concerns are not implicated unless the sentence imposed on the defendant exceeds the maximum statutory penalty. *See United States v. Smith,* 296 F.3d 344, 348-9 (5th Cir. 2002), *cert denied*, 538 U.S. 935; *United States v. Lopez-Urbina*, 434 F.3d 750, 761 (5th Cir. 2005), *cert. denied* 126 S.Ct. 672. In this case, the maximum statutory penalty for Count 1, conspiracy to defraud the United States in violation of 18 U.S.C. § 286 is 10 years imprisonment, a maximum fine of $250,000, and a maximum of 3 years supervised release. 18 U.S.C. § 286. Because the sentence actually imposed, 24 months, with no fine, is well under the statutory maximum, *Apprendi* has no effect on these facts. *Lopez-Urbina*, 434 F.3d at 761. Accordingly, the Court finds no grounds for granting *habeas* relief on Holmes' claims. It is therefore,

ORDERED that Holmes' motion to vacate [99-1] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that this cause be, and is hereby, dismissed with prejudice.

SO ORDERED, this the 12th day of December, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE

---

[2] *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).